UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. 2:26-cv-01458 |
| 14.259 ACRES OF LAND, MORE OR LESS, | ) ) ) | |
| SITUATE IN DOÑA ANA COUNTY, STATE OF | ) ) | |
| NEW MEXICO; CATHOLIC DIOCESE OF LAS | ) ) | |
| CRUCES; AND DOÑA ANA COUNTY | ) ) | |
| TREASURER, | ) | |
| Defendants. | | |

**UNITED STATES' MOTION FOR LEAVE TO DEPOSIT FUNDS
INTO COURT REGISTRY**

Plaintiff United States of America, by its undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 67(a) and 71.1(j), and General Order 16-MC-00004-50, for an Order directing the Clerk of Court to accept the sum of One Hundred Eighty-Three Thousand Seventy-One and 00/100 Dollars ($183,071.00) and to deposit these funds in an interest-bearing account pending further order of the Court. This sum represents the United States' estimate of just compensation for the property interests to be taken via eminent domain in this action. In support of this Motion, the United States asserts as follows:

1.      On May 7, 2026, the United States filed this condemnation action pursuant to the Declaration of Taking Act, 40 U.S.C. § § 3113 and 3114, to acquire certain property in Doña Ana County, New Mexico, for Customs and Border Patrol's Anapra Gap Barrier Project. (ECF Nos. 1-2).

2.     Fed. R. Civ. P. 71.1(j)(1) requires the United States to deposit with the Court "any money required by law as a condition to the exercise of eminent domain and may make a deposit when allowed by statute."

3.     The Declaration of Taking Act ("Act") provides that title vests in the United States upon the filing of the Declaration of Taking and the deposit of the sum of estimated compensation into the Registry of the Court. 40 U.S.C. § 3114(b)(1). Should the Clerk be unable to deposit the funds into the Registry of the Court as soon as possible after the government's filing of this condemnation action, confusion as to the actual date of taking may result and create title problems as to when the government acquired the condemned property.

4.     Granting this motion furthers the Act's objective to facilitate the swift transfer of title to the United States. As the Supreme Court explained:

> The purpose of the [Act] is twofold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

*United States v. Miller*, 317 U.S. 369, 381 (1943); *see also United States v. 99.66 Acres of Land*, 970 F.2d 651, 659–60 (9th Cir. 1992) (noting the Act was "intended to streamline the transfer of title for the advantage of both parties and to conserve government funds"). The Act was designed to permit the government to obtain title and possession of the property being condemned based on the payment of the United States' estimate of just compensation into the Court's registry and then determine the true and final amount of just compensation owed the landowner through the condemnation litigation after title and possession have passed. *Id*

5.     No defendant or other interested party will be harmed by the requested relief because the deposit only effectuates transfer of title and "in no way affects substantial rights of

2

landowners." *In re U.S.*, 257 F.2d 844, 849 (5th Cir. 1958) *citing Catlin v. United States*, 324 U.S. 229 (1945). And the Court separately will determine when possession of the condemned property interest will transfer to the United States. 40 U.S.C. § 3114(d)(1).

6.     The funds should be deposited into the Registry of the Court in an interest-bearing account, pursuant to Fed. R. Civ. P. 67.

7.     On March 26 and 30, 2026, the undersigned conferred via email with Kathryn Morrow, counsel for the landowner, Catholic Diocese of Las Cruces ("Diocese"), regarding this motion.[1] On April 15, 2026, Ms. Morrow replied that the Diocese opposes the motion because it objects to the United States' plans for the subject property due to the Diocese's strongly held religious views.

8.     To be clear, the Diocese will retain all rights and defenses, including the right to contest the amount of just compensation. The Act preserves a defendant's right to challenge the validity of the taking after title vests in the United States. *Catlin v. United States*, 324 U.S. 229, 239-43 (1945) (explaining how landowners can challenge the validity of the taking after title to the land has transferred to the government). Further, if final judgment is ultimately found to "be in excess of the amount deposited, the owner shall recover the excess with interest." *Miller*, 317 U.S. at 381. The granting of this motion does not prejudice the Diocese in any manner.

WHEREFORE, the United States respectfully requests that the Court enter an order directing the Clerk of Court to accept the deposit of One Hundred Eighty-Three Thousand Seventy-One and 00/100 Dollars ($183,071.00) and to deposit these funds in an interest-bearing account in the Court Registry pending further order of the Court.

---

[1] The United States also conferred with counsel for the Doña Ana County Treasurer, who is named as an interested party in its capacity as the local taxing authority. Counsel stated that it does not oppose this motion.

DATED: May 7, 2026                          Respectfully submitted,

UNITED STATES OF AMERICA

By: /s/ Charlotte Huffman

CHARLOTTE HUFFMAN (IL Bar No. 6296779)
ANNELISE M. PINTO (CA Bar No. 353929)
Trial Attorneys, U.S. Department of Justice
Land Acquisition Section
Environment & Natural Resources Division
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 305-5160
Fax: (202) 514-8865
E-mail: charlotte.huffman@usdoj.gov
        annelise.pinto@usdoj.gov

*Attorneys for Plaintiff United States of America*

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 7, 2026, I filed the foregoing United States' Motion for

Leave to Deposit Funds into the Registry of the Court ("Motion") using CM/ECF and caused the

Motion and proposed Order to be served on all defendants and interested parties in this case, at the

addresses below, via overnight Federal Express and electronic mail.

| **Catholic Diocese of Las Cruces**<br>c/o Kathryn Brack Morrow<br>Mann Morrow PLLC<br>1730 Tierra de Mesilla, Suite 4<br>Las Cruces, NM 88005<br>katy.morrow@mannmorrow.com | **Doña Ana County Treasurer**<br>c/o Cari Neill<br>Deputy County Attorney<br>845 N. Motel Blvd<br>Las Cruces, NM 88007<br>carin@donaana.gov |
|---|---|

Dated: May 7, 2026

/s/ *Charlotte Huffman*
Charlotte Huffman
Trial Attorney
United States Department of Justice