UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br>14.259 ACRES OF LAND, MORE OR<br>LESS, SITUATED IN DOÑA ANA<br>COUNTY, STATE OF NEW MEXICO, et<br>al.<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-01458-KG-GBW |

**<u>DEFENDANT ROMAN CATHOLIC DIOCESE OF LAS CRUCE'S MOTION TO STAY BRIFING ON PLAINTIFF'S MOTION FOR ORDER OF IMMEDIATE POSSESSION, OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO FILE ITS RESPONSE</u>**

On May 20, 2026, the United States Government filed a motion for an order of immediate possession, Mot. for Immediate Possession, ECF No. 22, before this Court had ruled on the Government's pending motion for leave to deposit, ECF No. 6, and more than six weeks before Defendant Roman Catholic Diocese of Las Cruces (the Diocese)'s answer deadline, ECF No. 13. The Diocese respectfully requests that this Court stay briefing on the Government's motion for immediate possession until after (1) the Court has resolved the motion for leave to deposit and (2) the Diocese has filed its answer. In the alternative, the Diocese requests a 16-day extension of its deadline to respond to the Government's motion, until June 19, 2026.[1]

---

[1] On May 21, 2026, the Diocese consulted with the Government, through counsel of record. Counsel conveyed that the Government opposes both a stay of briefing and the Diocese's alternative request for an extension.

As set forth in the Diocese's opposition to the Government's motion for leave to deposit, ECF No. 12, deposit of estimated just compensation is a necessary precondition to any condemnation of land or transfer of title under the Declaration of Taking Act, 40 U.S.C. § 3114(b)(1)–(2).  Briefing the Government's right to immediate possession of the land at issue would be premature before this Court determines whether, at this juncture, the Government may condemn and take title to the land in question.  Indeed, the Government itself acknowledges that its motion for immediate possession will not ripen until after resolution of its motion to deposit funds.  Mot. for Immediate Possession 5.

In addition, the Diocese's deadline to file an answer to the Government's complaint is not until July 6, 2026.  *See* ECF No. 13.  In a condemnation action, the answer is the vehicle by which a defendant must "state all . . . objections and defenses to the taking."  Fed. R. Civ. P. 71.1(e)(2)(C). Fairness dictates that the Diocese be provided a complete opportunity to evaluate and raise all of its objections and defenses before responding to the Government's motion for immediate possession.  Despite the Government's insistence that "time is of the essence," Mot. for Immediate Possession 2, the Government requested that the Diocese waive service of process, ECF No. 13. and the Diocese agreed, which had the effect of giving the Diocese 60 days to answer the complaint instead of the ordinary 21 days.  *Compare* Fed. R. Civ. P. 4(d)(3), *with* Fed. R. Civ. P. 71.1(e)(2). This Court should not permit the Government to insist upon an expedited pace of litigation after it voluntarily set a slower pace.

Should the Court deny the Diocese's request for a stay of briefing, however, the Diocese respectfully requests in the alternative a 16-day extension of its deadline to file a response to the Government's motion for immediate possession, until June 19, 2026.  The Government's attempted

condemnation of Diocesan land that is part of a holy site raises novel and complex legal issues. A reasonable extension is necessary to give the Diocese adequate time to prepare its response to the arguments in the motion for immediate possession. Further, the Government has submitted a declaration in support of its motion for immediate possession. *See* Decl. of Paul Enriquez, ECF No. 22-1. The Diocese requires additional time to evaluate that evidence and to gather and present evidence of its own. At a minimum, the Diocese thus requests a modest extension of time to mount a defense to the Government's motion.

Dated: May 21, 2026                            Respectfully submitted,

                                               */s/ Jonathan L. Backer*

                                               Jonathan L. Backer*
                                               Mary B. McCord*
                                               William Powell*
                                               Seth Wayne
                                               INSTITUTE FOR CONSTITUTIONAL
                                                ADVOCACY & PROTECTION
                                               Georgetown University Law Center
                                               600 New Jersey Ave., N.W.
                                               Washington, DC  20001
                                               (202) 662-4912
                                               sw1098@georgetown.edu

                                               */s/ Kathryn Brack Morrow*

                                               Kathryn Brack Morrow
                                               MANN MORROW, PLLC
                                               1730 Tierra de Mesilla, Suite 4
                                               Las Cruces, NM 88005
                                               Phone: 575-440-0300
                                               Katy.Morrow@MannMorrow.com


                                               *Admitted pro hac vice*

*Attorneys for Defendant Roman Catholic Diocese of Las Cruces*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 21, 2026, I electronically filed the foregoing with the Clerk of the Court and served a copy upon all counsel of record registered to receive notice via the Court's CM/ECF system.

/s/ *Jonathan L. Backer*
Jonathan L. Backer
