IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                   No. 2:26-cv-01458-KG-GBW

14.259 ACRES OF LAND, MORE OR LESS,
SITUATED IN DOÑA ANA COUNTY,
STATE OF NEW MEXICO, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Motion for Leave to Deposit Funds into Court Registry, Doc. 6, Defendants' Response, Doc. 12, and the United States' Reply, Doc. 20.  For the reasons below, the Court grants the motion, Doc. 6.

### I.  Background

The United States initiated this action under its power of eminent domain to acquire land owned by Defendant Roman Catholic Diocese of Las Cruces.  *See* Doc. 1; 40 U.S.C. § 3113. The property is located at the base of Mount Cristo Rey in Sunland Park, New Mexico, near the Mexico border.  Doc. 12 at 2.  Located at the top of the mountain is a 29-foot-tall limestone statute of Jesus Christ.  *Id.*  The United States seeks to install fences, cameras, security lighting, and other related structures on the property to deter illegal entry.  Doc. 6 at 1; Doc. 1-2.

The United States filed a declaration of taking under the Declaration of Taking Act, 40 U.S.C. § 3114 ("DOTA"), and now seeks leave to deposit its estimate of just compensation, $183,071.00, with the Court.  Doc. 6. at 1.  It requests an order under Federal Rule of Civil Procedure 67 directing the Clerk of the Court to accept its deposit.  *Id.* at 3.

1

Defendants oppose the motion, urging the Court to deny the deposit and transfer of title until their First Amendment and Religious Freedom Restoration Act defenses can be "fully heard." Doc. 12 at 4. The United States counters, asserting that the Court lacks the authority to prevent the deposit. Doc. 20 at 5. It further argues that granting the motion "imposes no hardships" on Defendants because they may raise their claims after the transfer of title. *Id.*

## II. Legal Standard

DOTA "authorizes the United States, upon filing a declaration and upon depositing an amount of estimated just compensation, to take an immediate vested title in the property it wishes to acquire." *Wilson v. United States*, 350 F.2d 901, 906 (10th Cir. 1965); *see also* § 3114(b). DOTA transfers "a defeasible title" to the United States, which is "voidable on the occurrence of a contingency, but not void on its face." *Catlin v. United States*, 324 U.S. 229, 241 (1945); *see also Title. Black's Law Dictionary* (12th ed. 2024). Because the title is voidable, the landowner can challenge the validity of the taking after title has transferred. *Catlin*, 324 U.S. at 240–41. In addition to title, a right to possession also vests in the United States. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 4–5 (1984).

The United States "must deposit with the court any money required by law as a condition to the exercise of eminent domain." Fed. R. Civ. P. 71.1(j)(1). To deposit funds with the Court, the United States must obtain a court order. Fed. R. Civ. P. 67(a) (stating that "[t]he depositing party must deliver to the clerk a copy of the order permitting deposit"). Rule 67 "leaves to the discretion of the district court the decision as to whether to permit the deposit of funds in court." *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989). The Court's discretion under Rule 67 is not unlimited. "It is well-settled that Rule 67, like all of the Federal Rules of Civil Procedure,

shall not abridge, enlarge or modify any substantive right." *LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992) (internal quotation marks and citation omitted).

### III.   Analysis

The Court concludes that (A) it has the authority to grant or deny the United States' motion and (B) exercises that authority to grant the motion.

#### A.   The Court has the authority to grant or deny the motion.

The Court has the authority to grant or deny the requested deposit. Rule 67 "leaves to the discretion of the district court the decision as to whether to permit the deposit of funds in court." *Garrick*, 888 F.2d at 694. Accordingly, the Court may consider whether, under the principles of Rule 67, the United States' motion should be granted.

The United States' argument to the contrary—that the Court lacks the authority to deny the deposit—is unavailing. The United States relies on *United States v. 162.20 Acres of Land*, 639 F.2d 299 (5th Cir. 1981) and *United States v. Cobb*, 328 F.2d 115 (9th Cir. 1964) to contend that the Court's role in accepting the deposit is merely "ministerial" and "administrative," and that it has no discretion in the matter. Doc. 6 at 2. However, the argument conflates the Court's authority before a deposit is made with its authority after a deposit has been made. These cases are inapposite and instead stand for the proposition that, once a declaration of taking has been filed and the deposit has been accepted, a district court cannot dismiss the condemnation proceeding or undo the transfer of title.

For example, in *162.20 Acres of Land*, the Fifth Circuit considered whether the defendants could raise noncompliance with the National Historic Preservation Act ("NHPA") as a defense to a DOTA condemnation. 639 F.2d at 303. Concluding that noncompliance was not a defense, the Court reasoned that the filing of a declaration of taking was "a neutral act" because

3

"[f]ederal agencies are compelled to abide by the terms of the NHPA regardless of...the property involved." *Id.* at 304. As a result, the Fifth Circuit determined that the district court was "powerless to dismiss the proceedings," and "performs an almost ministerial function in decreeing the transfer of title." *Id.* at 303. But that is not the case here. Defendants do not ask the Court to vacate the declaration of taking and void the transfer of title—they ask the Court to deny the deposit and transfer of title outright.

*Cobb* also is distinguishable on similar grounds. There, the Government sought to condemn a right of way to construct a road through a portion of forest subject to mining interests owned by the defendants. 328 F.2d at 116. The district court dismissed the declaration of taking, finding that the Government's estimate of just compensation was not made in good faith. *Id.* The Ninth Circuit reversed the district court's dismissal, holding that "when a declaration of taking is filed and deposit is made, title vests in the United States and the district court is powerless to dismiss the proceedings." *Id.* Unlike *Cobb*, which addresses a defense to a condemnation proceeding, the present case concerns the Court's discretion to grant or deny a Rule 67 motion. Thus, the United States' reliance on these and similar cases is misplaced, and the Court retains authority to evaluate the motion here.

**B.      *The Court exercises its authority to grant the motion.***

Defendants have not cited, and the Court has not located in its own research, any examples where a court has denied a motion for leave to deposit in the eminent domain context. Such a result is not surprising given the dearth of cases analyzing Rule 67. *See LTV Corp.*, 969 F.2d at 1063 (finding "very few cases construing Rule 67"); *In re Dept. of Energy Stripper Well Exemption Litigation*, 124 F.R.D. 217, 218 (D. Kan. 1989) (noting that there is "scant case law involving Rule 67"); *see also* Wright & Miller, Fed. Prac. & Proc § 2991 (1998) ("Rule 67 is a

4

rather unimportant rule.  Predictions made at the time it was adopted that there are 'not very many occasions for the application of this rule' have been proven accurate.").  Consequently, the Court considers the purpose of Rule 67 and whether granting the United States' motion would further that purpose.

The purpose of Rule 67 "is to relieve the depositor of responsibility for the fund in dispute while the parties hash out their differences with respect to it."  *Cajun Elec. Power Co-op, Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 444 (5th Cir. 1990).  "What Rule 67 is *not* is a vehicle for determining ownership; that is what the underlying litigation is for."  *Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 545 (7th Cir. 2017).  Thus, Rule 67 "should not be used as a means to alter the...legal duties of the parties," but "should be used as a procedural device to provide a place of safekeeping for disputed funds."  *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010).

Under these principles, the Court is persuaded that granting the United States' motion for leave to deposit is appropriate.  First, allowing the deposit relieves the United States of the burden of interest accruing on the sum deposited.  *United States v. Miller*, 317 U.S. 369, 375 (1943).  Once the Government submits a deposit under DOTA, it is no longer liable for interest on any amounts deposited from the date of deposit to the date the funds are disbursed.  *But see United States v. 50.50 Acres of Land*, 931 F.2d 1349, 1352 (9th Cir. 1991) (noting "that the government may be obligated to pay interest on deposited monies only if disbursement of the funds is delayed by government action").  Therefore, allowing the deposit would relieve the United States of its responsibility to pay interest and would allow for the safekeeping of funds pending resolution of the condemnation proceedings.

Moreover, allowing the deposit and subsequent transfer of title will not interfere with, alter, or nullify Defendants' right to challenge the validity of the taking.  Under DOTA, Defendants are not "irrevocably committed to submit to the taking," and DOTA does not "compel the owner to submit to unauthorized takings."  *Catlin*, 324 U.S. at 242.  Rather, DOTA preserves Defendants' right to challenge the taking and, should they succeed on the merits, allows the Court to divest the United States of title to the property.  *See id.* (noting that "title is not indefeasibly vested in the United States merely by following the administrative procedure").  Stated plainly, accepting the deposit and transferring title to the United States is in no way a final or irrevocable action that would deprive Defendants of an opportunity to contest the validity of the taking.  *See In re United States*, 257 F.2d 844, 849–50 (5th Cir. 1958) ("[T]he deposit in no way affects substantial rights of land owners.").  Thus, the Court is unpersuaded by Defendants' contention that the transfer of title will result in irreparable injury.  Doc. 12 at 6.

Furthermore, the passage of title to the United States does not preclude Defendants from seeking other injunctive relief pending a decision on the merits.  Even so, Defendants argue that their rights to challenge the taking will be affected because the United States obtains a right to possession once title is vested.  Doc. 12 at 4; *see Kirby Forest*, 467 U.S. at 5.  However, the right to possession does not mean the right to immediate, actual possession.  In fact, DOTA authorizes the Court to "fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner."  § 3114(d).  Under this authority, the Court "may withhold physical possession and enjoin construction or any activity that may disturb the environment, cultural or physical, pending compliance with...congressional mandate[s]."  *162.20 Acres*, 639 F.2d at 304.  Accordingly, granting the United States' motion for leave to deposit

funds does not destroy any avenues of relief available to Defendants pending resolution of these proceedings.

## IV.    *Conclusion*

For the reasons stated, the Court grants the United States' Motion for Leave to Deposit Funds into Court Registry, Doc. 6.  The Court orders the United States to deposit the amount of estimated just compensation, $183,071.00, into the Court's Registry Bank Account.  The Clerk of the Court shall place the funds in an interest-bearing account as set forth in Federal Rule of Civil Procedure 67, where they shall remain until further order of the Court.  *See* Administrative Order re Deposit & Investment of Registry Funds, No. 16-mc-00004-50.  Defendants may raise any defenses and objections to the condemnation in their answer to the complaint.  *See* Fed. R. Civ. P. 71.1(e).

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.