UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-01458-KG-GBW |
| | ) | |
| 14.259 ACRES OF LAND, MORE OR | ) | |
| LESS, SITUATED IN DOÑA ANA | ) | |
| COUNTY, STATE OF NEW MEXICO, et | ) | |
| al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER TO COMPLAINT IN CONDEMNATION OF
DEFENDANT ROMAN CATHOLIC DIOCESE OF LAS CRUCES**

Defendant Roman Catholic Diocese of Las Cruces (the Diocese), the owner in the above-captioned case, hereby answers Plaintiff's Complaint in Condemnation as follows:

**RESPONSE TO THE COMPLAINT**

1. With respect to the property referenced in Paragraph 5 of the Complaint and described in Schedules C–E of the Complaint, the Diocese claims a full fee-simple interest in the 14.259 acres of land, more or less, affected by this condemnation suit (the Property).

2. In response to Paragraph 1 of the Complaint, the Diocese admits that the above-captioned matter purports to be a civil action brought by the United States of America, at the request of the Secretary of Homeland Security, through the Acquisition Program Manager, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, for taking of property located in Doña Ana County, New Mexico, under its power of eminent domain and through a Declaration of Taking, and for the determination and

1

award of just compensation.  The Diocese lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegation that the Secretary of Homeland Security requested the United States to bring this action, and on that basis denies this allegation.

3.      In response to Paragraph 2 of the Complaint, that Paragraph contains only legal arguments or conclusions, which do not require a response.  To the extent any response is required, the Diocese admits the jurisdictional allegations in Paragraph 2 of the Complaint.

4.      In response to Paragraph 3 of the Complaint, that Paragraph contains only legal arguments or conclusions, which do not require a response.  To the extent any response is required, the Diocese admits that the Property has been taken by the United States "under" the statutory authority set forth in Schedule A of the Complaint, but the Diocese denies that this taking has been accomplished "in accordance with" that authority in that Plaintiff has not demonstrated the taking complies with the First Amendment or the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb *et seq.*, which modify the authorities set forth in Schedule A and require Plaintiff to accommodate the Diocese's sincerely held religious beliefs.

5.      In response to Paragraph 4 of the Complaint, the Diocese admits that Plaintiff purports to take the Property for the public purpose of constructing, installing, operating, and maintaining roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the U.S.-Mexico border within the State of New Mexico.  The Diocese lacks sufficient knowledge or information to form a belief as to the accuracy of that representation and therefore denies this allegation.

6.      In response to Paragraph 5 of the Complaint, the Diocese admits that Schedule C of the Complaint appears to be a legal description of the land that the United States has taken.

The Diocese lacks sufficient information as of the filing date of this Answer to admit or deny the accuracy of that description and therefore denies this allegation.

7. In response to Paragraph 6 of the Complaint, the Diocese admits that Schedule D of the Complaint appears to be a map or plat of the land that the United States has taken. The Diocese lacks sufficient information as of the filing date of this Answer to admit or deny the accuracy of that map or plat and therefore denies this allegation.

8. In response to Paragraph 7 of the Complaint, the Diocese admits that Schedule E of the Complaint appears to be a legal description of the estate taken. The Diocese lacks sufficient information as of the filing date of this Answer to admit or deny the accuracy of that description and therefore denies this allegation.

9. In response to Paragraph 8 of the Complaint, the Diocese denies that the sum ($183,071.00) estimated by Plaintiff as just compensation, as set forth in Schedule F of the Complaint, constitutes just compensation for the land taken by the United States. If this Court finds Plaintiff's taking to be valid, the Diocese asserts that the just compensation required under law is greater than Plaintiff alleges and has deposited.

10. Plaintiff has not conducted a site visit for the purpose of assessing the Property's value. It is therefore unclear on what basis Plaintiff has estimated just compensation.

11. Moreover, in another recently filed condemnation action, the United States has estimated just compensation for 7.259 acres of land owned by the State of New Mexico and located along the U.S.-Mexico border and near the Property to be $798,500.00. Complaint in Condemnation ¶¶ 5, 8 & Scheds. C & F, *United States v. 7.529 Acres of Land*, No. 2:26-cv-1938

(D.N.M. June 16, 2026), ECF No. 1.  In other words, the United States estimates a nearby tract of land roughly one-half the size of the Property to be more than four times as valuable.

12.     Paragraph 9 of the Complaint is admitted.

13.     Paragraph 10 of the Complaint is admitted.

## OBJECTIONS AND AFFIRMATIVE DEFENSES

14.     As a separate and first affirmative defense to the Complaint and the purported cause of action contained therein, Plaintiff's taking is unconstitutional under the First Amendment's Free Exercise Clause.

15.     As a separate and second affirmative defense to the Complaint and the purported cause of action contained therein, Plaintiff's taking is invalid under RFRA.  42 U.S.C. § 2000bb-1(c) ("A person whose religious exercise has been burdened in violation of this section may assert that violation as a . . . defense in a judicial proceeding and obtain appropriate relief against a government.").

16.     As a separate and third affirmative defense to the Complaint and the purported cause of action contained therein, the Diocese alleges that "just compensation" for the Property exceeds $183,071.00.

## JURY DEMAND

17.     Should this Court find Plaintiff's taking to be valid, the Diocese requests a trial by jury on the issue of just and adequate compensation.  *See* Fed. R. Civ. P. 71.1(h)(1)(B).

## REQUEST FOR RELIEF

WHEREFORE, the Diocese respectfully requests that this Court enter judgment in its favor and:

a.  Declare Plaintiff's taking to be invalid;

b.  Divest the United States of title to the Property;

c.  Deny Plaintiff possession of the Property;

d.  Condition any order granting possession on Plaintiff refraining from constructing a border wall on the Property or engaging in any other activity on the Property that is not narrowly tailored to any compelling governmental interest that Plaintiff might assert;

e.  Award the Diocese just compensation for any taking allowed in this action;

f.  Award the Diocese reasonable costs and attorney's fees;

g.  Grant the Diocese such other relief as the Court deems just and proper.

Dated: July 6, 2026                       Respectfully submitted,

                                          */s/ Jonathan L. Backer*

                                          Jonathan L. Backer*
                                          Mary B. McCord*
                                          William Powell*
                                          Seth Wayne
                                          INSTITUTE FOR CONSTITUTIONAL
                                            ADVOCACY & PROTECTION
                                          Georgetown University Law Center
                                          600 New Jersey Ave., N.W.
                                          Washington, DC  20001
                                          (202) 662-4912
                                          sw1098@georgetown.edu

                                          */s/ Kathryn Brack Morrow*

                                          Kathryn Brack Morrow
                                          MANN MORROW, PLLC
                                          1730 Tierra de Mesilla, Suite 4
                                          Las Cruces, NM 88005

Phone: 575-440-0300
Katy.Morrow@MannMorrow.com


*Admitted pro hac vice*

*Attorneys for Defendant Roman Catholic Diocese of Las Cruces*

6

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 6, 2026, I electronically filed the foregoing with the Clerk of the Court and served a copy upon all counsel of record registered to receive notice via the Court's CM/ECF system.

*/s/ Jonathan L. Backer*
Jonathan L. Backer
