UNITED STATES OF AMERICA

      Plaintiff,

      vs.

14.259 ACRES OF LAND, MORE OR LESS, SITUATE IN DOÑA ANA COUNTY, STATE OF NEW MEXICO; CATHOLIC DIOCESE OF LAS CRUCES; AND DOÑA ANA COUNTY TREASURER.

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 2:26-cv-01458-KG-GBW

**SUPPLEMENTAL DECLARATION OF PAUL ENRIQUEZ IN SUPPORT OF PLAINTIFF'S MOTION FOR IMMEDIATE POSSESSION (ECF NO. 22)**

I, PAUL ENRIQUEZ, hereby declare as follows:

1.     I previously provided a declaration to this Court and wish to supplement that information regarding the urgent need for possession of the subject property and the lack of impact of construction on the shrine or access to Mount Cristo Rey.

2.     I am employed as the Acquisition Program Manager, Wall Program Management Office ("Wall PMO") , U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security. I have held this position since January 2023. From 2018 to 2023, I was the Acquisitions, Real Estate and Environmental Director for the Wall PMO. From 2013 to August 2018, I was the Real Estate and Environmental Branch Chief for the Border Patrol and Air and Marine Program Management Office ("BPAM"), Facilities Management and Engineering, Office of Facilities and Asset Management ("OFAM"). From 2011 to 2013, I was employed as an Environmental Protection Specialist in the BPAM office. In that role, I performed environmental analyses for various border

1

infrastructure projects. From 2008 to 2011, I was a contractor assigned to the BPAM office and provided environmental support on various border infrastructure projects.

3. CBP is the DHS component with primary responsibility for border security. CBP constructs, operates, and maintains border infrastructure necessary to deter and prevent illegal entry on the southern border.

4. Within CBP, the Wall PMO has expertise in managing and executing border infrastructure projects. The Wall PMO is directly tasked with managing the schedule, finances, real estate acquisition, environmental planning, and construction of the border infrastructure system along the U.S. border.

5. In my capacity as the Acquisition Program Manager, I am responsible for overseeing all environmental planning and compliance activities as well as the real estate acquisition process for projects executed or overseen by the Wall PMO.

6. Based upon my current and past job duties, I am familiar with past and planned border infrastructure projects supporting border security. I am personally aware of the border barrier project that has been approved for construction by the Secretary of DHS in Doña Ana County, New Mexico, that is at issue in this case.

7. The Secretary of DHS has determined that the United States Border Patrol El Paso Sector—where the subject property is located—is an area of high illegal entry. Consequently, Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as amended ("IIRIRA"), requires DHS to construct physical barriers and roads to deter and prevent illegal entry of people and drugs into the United States.

8. The subject property is located at the southern base of Mount Cristo Rey within a critical physical gap in existing border barrier, which effectively funnels human traffic and

2

unauthorized crossings along the base of the mountain through the gap. To close this gap, CBP plans to construct approximately 1.3 miles of border barrier.

9.    On June 3, 2025, the Secretary of DHS, pursuant to the authority under section 102(b)(1)(C) of IIRIRA, issued an environmental waiver for the expeditious construction of barriers and roads in the vicinity of the international land border in the state of New Mexico.

10.    As part of the due diligence for the project, from June to July 2025, CBP sought public input on the potential impacts to the environment, culture, and commerce, including potential socioeconomic impacts, and quality of life.  CBP compiled the feedback received during the comment period into a Stakeholder Feedback Report and used substantive comments to inform the project's environmental planning process.

11.    CBP has considered the foregoing public input, particularly with respect to any potential effect of the project on Mount Cristo Rey and incorporated that feedback into its planning process.

12.    Additionally, CBP reached out to the Diocese in September 2024 to discuss CBP's plans for the Property and attempt to negotiate a right-of-entry for survey across the entire site owned by the Diocese, which would have allowed CBP to fully assess the subject property prior to acquisition.

13.    CBP scheduled a meeting with the Diocese in January 2025 to discuss the project and planned acquisition but shortly before the meeting, the Diocese unilaterally cancelled the meeting.

14.    The area of taking, which is identified in Schedule C of the Declaration of Taking, is at an elevation of approximately 400 feet lower than the shrine. All construction activities will occur within the area of taking, which is on the south side of the mountain and at least 1050 feet

from the shrine at the summit of Mount Cristo Rey. Construction activities will not impact the physical integrity of the shrine nor the access path to the shrine, which is located on the north side of the mountain.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 7th day of July 2026, in Washington, D.C.

By: _____
PAUL ENRIQUEZ
Acquisition Program Manager
U.S. Border Patrol Program Management Office Directorate
U.S. Border Patrol
U.S. Customs and Border Protection
Department of Homeland Security