UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 2:26-cv-01458-KG-GBW |
| | ) |
| 14.259 ACRES OF LAND, MORE OR LESS, | ) |
| SITUATE IN DOÑA ANA COUNTY, STATE OF | ) |
| NEW MEXICO; CATHOLIC DIOCESE OF LAS | ) |
| CRUCES; AND DOÑA ANA COUNTY | ) |
| TREASURER. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**UNITED STATES OF AMERICA'S RESPONSE TO
DEFENDANT ROMAN CATHOLIC DIOCESE OF LAS CRUCES'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Pursuant to Local Rule 7.8, the United States responds to the Diocese's notice of supplemental authority. First, the Diocese does not identify a proper supplemental authority. Instead of relying on the court's decision in *Apache Stronghold v. United States*, 101 F.4th 1036 (9th Cir. 2024), it asserts that the United States is bound by an attorney's legal argument made in that unrelated and factually distinct case. But the Diocese does not—and cannot—establish the three elements of judicial estoppel.

In relevant part, the doctrine of judicial estoppel prohibits a party from adopting a position that is clearly inconsistent with its former position when the party "succeeded in persuading a court to accept that party's earlier position." *BancInsure, Inc. v. F.D.I.C.*, 796 F.3d 1226, 1240 (10th Cir. 2015). Under controlling precedent, "judicial estoppel only applies when the position to be estopped is one of fact, not one of law." *Id.* Thus, the legal argument that the Diocese incorrectly characterizes as supplemental authority regarding what may constitute a "substantial burden"

1

under 42 U.S.C. § 2000bb ("RFRA") does not bind the government in subsequent litigation. Second, the Ninth Circuit did not address, much less adopt, counsel's legal argument in its decision.

Finally, while the merits of the Diocese's RFRA claims are irrelevant to the United States' pending motion for possession, *see* ECF Nos. 22, 47, the Ninth Circuit's holding in *Apache Stronghold* actually undermines the Diocese's entire legal position. There, the court held that the government's actions restricting access to putatively sacred land did not violate RFRA because while restricted access would interfere with a person's "ability to pursue spiritual fulfillment according to their own religious beliefs [] it would have no tendency to coerce them into acting contrary to their religious beliefs" and did "not discriminate against Apache Stronghold's members, penalize them, or deny them an equal share of the rights, benefits, and privileges enjoyed by other citizens." *Id.* at 1051-52. Here, the Diocese's claims fail for the exact same reasons, even more so given that the Government is not restricting access to Mount Cristo Rey.

DATED: July 16, 2026        Respectfully submitted,

UNITED STATES OF AMERICA

By: /s/ Charlotte Huffman

CHARLOTTE HUFFMAN (IL Bar No. 6296779)
ANNELISE M. PINTO (CA Bar No. 353929)
Trial Attorneys, U.S. Department of Justice
Land Acquisition Section
Environment & Natural Resources Division
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 305-5160
Fax: (202) 514-8865
E-mail: charlotte.huffman@usdoj.gov
       annelise.pinto@usdoj.gov

ANDREW A. SMITH (NM Bar No. 8341)
Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
Tel: (505) 224-1468
Fax: (505) 346-7205
E-mail: andrew.smith@usdoj.gov

*Attorneys for Plaintiff United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2026, I electronically filed the foregoing United States'

Response to the Diocese's Notice of Supplemental Authority using the CM/ECF system and served

a copy on all parties who are registered users of the CM/ECF system and entitled to receive

automated notice of this filing.

Dated: July 16, 2026

*/s/ Charlotte Huffman*
Charlotte Huffman
United States Department of Justice