UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br>14.259 ACRES OF LAND, MORE OR LESS, SITUATED IN DOÑA ANA COUNTY, STATE OF NEW MEXICO, et al.<br><br>Defendants. | No. 2:26-cv-01458-KG-GBW |

**DEFENDANT ROMAN CATHOLIC DIOCESE OF LAS CRUCES'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.8(c), the Diocese responds to the Government's notice of supplemental authority regarding the district court's order denying a temporary restraining order in *People of La Junta for Preservation v. DHS*, No. 26-cv-5245 (W.D. Tex. Sept. 30, 2026) ("Order"). *See* Ex. A.

*People of La Junta* is inapposite for several reasons. First, the plaintiffs in that case do not challenge a taking of their own property or Government activity on their property, as the Diocese does here. Rather, the land at issue in that case is Big Bend National Park and other property not owned by the plaintiffs. Ex. B, Decl. of Paul Enriquez ¶¶ 7–16 ("It is unclear that PLJP [People of La Junta for Preservation] property is within the actual . . . project footprint."). As the Diocese has explained, RFRA and the First Amendment are less protective when the challenged conduct occurs on the Government's "own land." ECF No. 64, at 15 (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 454 (1988)). Those laws likewise provide more protection

concerning Government activity on religious objectors' own property than on other private property.

Second, the district court applied a different test to the plaintiffs' RFRA claim than the Tenth Circuit's. *See* Order 4–5. Importantly, that test does not recognize a substantial burden where government action "prevents participation in conduct motivated by a sincerely held religious belief," which the Tenth Circuit has recognized is sufficient to trigger scrutiny under RFRA. *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1138 (10th Cir. 2013) (internal quotation marks omitted), *aff'd*, 573 U.S. 682 (2014).

Finally, the Diocese's evidence supporting its claims is anything but "conclusory." Order 5. The Diocese has explained in great detail, supported by declaration testimony, the burdens that the Government's taking would impose on its exercise of religion. In framing the Diocese's religious objections as solely about "access [to] and use" of the shrine on Mount Cristo Rey, ECF No. 67, at 2, the Government continues to elide the Diocese's other arguments concerning substantial burden, ECF No. 36, at 19–22.

Dated: October 21, 2026

Respectfully submitted,

*/s/ Jonathan L. Backer*

Jonathan L. Backer*
Mary B. McCord*
William Powell*
Seth Wayne
INSTITUTE FOR CONSTITUTIONAL
ADVOCACY & PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, DC 20001
(202) 662-4912

sw1098@georgetown.edu

*/s/ Kathryn Brack Morrow*

Kathryn Brack Morrow
MANN MORROW, PLLC
1730 Tierra de Mesilla, Suite 4
Las Cruces, NM 88005
Phone: 575-440-0300
Katy.Morrow@MannMorrow.com

**Admitted pro hac vice*

*Attorneys for Defendant Roman Catholic Diocese of Las Cruces*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 21, 2026, I electronically filed the foregoing with the Clerk of the Court and served a copy upon all counsel of record registered to receive notice via the Court's CM/ECF system.

/s/ *Jonathan L. Backer*
Jonathan L. Backer